IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARMEN G. SZENDREY RAMOS, RAFAEL E. BONNÍN SURÍS; and the CONJUGAL PARTNERSHIP composed of Carmen Gabriella Szendrey-Ramos and Rafael Ernesto Bonnin-Suris<br><br>Plaintiffs,<br><br>v.<br><br>FIRST BANCORP; FIRSTBANK PUERTO RICO, LUIS BEAUCHAMP, RICHARD REISS, LAWRENCE ODELL, AMERICAN INTERNATIONAL INSURANCE COMPANY OF PR, INC., and Defendants "A," "B," and "C", pseudonyms used to identify all individuals or legal entities whose identities are unknown.<br><br>Defendants. | Civil Action No. 08-1251 (RLA) |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, First BanCorp, FirstBank Puerto Rico, Luis Beauchamp, and Lawrence Odell (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, hereby file this Notice of Removal of the above-captioned matter from the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Part, Case No. KPE 2008-0071. As grounds therefore, Defendants show the Court as follows:

1.  **State Court Action**

    Plaintiffs initiated an action that is still pending in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Part, styled *Carmen G. Szendrey Ramos, Rafael E. Bonnin Suris, y la Social Legal de Gananciales, por estos compuestoa v. First Bancorp, FirstBank Puerto Rico, Luis Beauchamp, Richard Reiss, Lawrence Odell, American*

*International Insurance Company of PR, Inc., Demandados "A", "B", "C", nombre ficticio utilizado para identificar toda persona, individual o juridica, cuya identidad se desconoce,* and designated Case No. K PE2008-0071. Plaintiffs filed that action on January 10, 2008.

2.   **Defendant's Receipt of Plaintiffs' Complaint**

Copies of the Summonses and Plaintiffs' Complaint in this action were served on Defendants on or after January 28, 2008.

3.   **Nature of Plaintiffs' Action**

In their Complaint, Plaintiffs assert claims of gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"), Act Number 100 of June 30, 1959, 29 L.P.R.A. § 146 *et seq.*, Act Number 69 of July 6, 1985, 29 L.P.R.A. § 1321 *et seq.*, and Act Number 115 of December 20, 1991, 29 L.P.R.A. § 194 *et seq.*; wrongful discharge in violation of Act Number 80 of May 30, 1976, 29 L.P.R.A. § 185a; violations of the Puerto Rico Constitution, Art. II §§ 1, 8, and 15; and claims for defamation and tortious interference with contracts under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 5141-42. Plaintiffs request relief in the form of damages, attorneys' fees and costs, and injunctive relief.

4.   **Removal of State Court Action**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated in Paragraph 5, this action is removable under 28 U.S.C. § 1441(a), because the district court would have original jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.  **Consent of All Defendants to Removal**

First BanCorp, FirstBank Puerto Rico, Luis Beauchamp, and Lawrence Odell are the defendants removing this action, and undersigned counsel for Defendants is authorized to represent that Defendant American International Insurance Company of Puerto Rico consents to removal of this action. A copy of American International Insurance Company of Puerto Rico's signed Consent to Removal and Joinder in Notice of Removal is attached at Tab A. As a result, all defendants that have been served with the Complaint and Amended Complaint join in the removal of this action.[1]

6.  **Federal Question and Supplemental Jurisdiction**

Under 28 U.S.C. § 1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …." Furthermore, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This case arises out of federal law because Plaintiffs allege that Defendants violated Title VII. Plaintiffs' Complaint raises a federal question, and removal is thus proper.

Further, supplemental jurisdiction is proper over Plaintiffs' state law claims, because all of Plaintiffs' claims arise out of the same alleged nucleus of operative facts – Plaintiffs' employment with First Bancorp and/or FirstBank Puerto Rico as alleged in the Complaint – and, therefore, form part of the "same case or controversy." *See* 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the

---

[1] Defendant Richard Reiss has not been served with the Complaint, and thus, his consent to the removal of this action is not required.

action within such original jurisdiction that they form part of the same case or controversy ...."); 28 U.S.C. § 1441(c).

7. **Venue**

The District of Puerto Rico is the judicial district embracing the place where the state court case was brought and is pending and is, thus, the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 89(c), 1441(a) & 1446(a).

8. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely because 30 days have not elapsed since "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Specifically, the Summons and attached Complaint were served on Defendants on or after January 28, 2008, which was thirty days ago.

9. **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this notice Defendants are simultaneously filing copies of all process, pleadings, and orders served upon the Defendants in the removed action. A copy of the List of Removal Documents is attached hereto at Tab B, along with copies of all documents served on Defendants, and certified translations thereof.

10. **Notice to State Court and Plaintiff**

Simultaneously with filing this Notice of Removal, Defendants are providing written notice to all adverse parties, by and through their counsel, and on this same day will file a copy of this Notice of Removal with the Clerk of the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Part. A copy of the Notice of Filing Notice of Removal ("Aviso de Notificación de Traslado" is attached hereto at Tab C.

**RESPECTFULLY SUBMITTED.**

In Miami, Florida, this 27th day of February, 2008.

*[signature]*

Graciela J. Belaval
USDC-PR BAR NO. 201007
MARTINEZ, ODELL & CALABRIA
P.O. Box 190998
San Juan, Puerto Rico 00919-0998
Telephone: 787.274.2904
Facsimile: 787.759.9075
gbelaval@mocpr.com

-and-

Larissa C. Garriga-Cesani
USDC-PR BAR NO. 220107
MORGAN, LEWIS & BOCKIUS LLP
5300 Wachovia Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131-2338
Telephone: 305.415.3224
Facsimile: 1.877.432.9652 (toll free)
lgarriga@morganlewis.com

*Attorneys for Defendants First BanCorp, FirstBank Puerto Rico, Luis Beauchamp, and Lawrence Odell*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2008, I sent the foregoing via Facsimile and U. S. Mail to Plaintiffs' attorneys, Judith Berkan, Esquire, and Mary Jo Mendez-Vilella, Esquire, Berkan & Mendez, G-11 O'Neil, San Juan, Puerto Rico 00918-2301, Zuleika Llovet Zurinaga, Esquire, Llovet Zurinaga y Lopez, PSC, 2 Ponce de Leon Avenue, Mercantil Plaza Building, PH 1616, San Juan, Puerto Rico 00918, and to Ilsa Y. Figueroa Arus, Esquire, Figueroa Arus Law Office, P.O. Box 191964, San Juan, Puerto Rico 00918.

Graciela J. Belaval